**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION
CASE NO.**

HULL PROPERTY GROUP, LLC, and )
KA N22CR, LLC, )
    Plaintiffs, )
                                                    )
v. )
                                                    )
QBE INSURANCE CORPORATION, )
    Defendant.

**COMPLAINT**

COME NOW Plaintiffs, Hull Property Group, LLC, and KA N22CR, LLC, by and through the undersigned counsel and state their claims against QBE Insurance Corporation and allege as follows:

**I.    PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff, KA N22CR, LLC, is a Delaware limited liability company, organized and existing under the laws of the State of Delaware with its principal place of business in Augusta-Richmond County, Georgia ("Plaintiff KA N22CR").

2.    Plaintiff, Hull Property Group, LLC, is a Georgia limited liability company, organized and existing under the laws of the State of Georgia with its principal place of business in Augusta-Richmond County, Georgia ("Plaintiff HPG"). Plaintiff KA N22CR and Plaintiff HPG are herein collectively referred to as Plaintiffs.

3.    Defendant QBE Insurance Corporation (the "Defendant") is incorporated under the laws of the Commonwealth of Pennsylvania, has a principal place of business in New York, a principal office address of One General Drive, Sun Prairie, Wisconsin, 53596, and is authorized to transact

business in the State of Georgia. Defendant may be served through its registered agent, CT Corporation System, at 238 South Culver Street, Lawrenceville, Georgia 30046.

4. The parties are citizens of different states, and there exists complete diversity of citizenship between the parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000). Plaintiffs bring their complaint under federal diversity jurisdiction, and the United States District Court for the Southern District of Georgia has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

5. The acts and omissions described in this complaint occurred in Augusta-Richmond County, Georgia. Accordingly, pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the Southern District of Georgia in the Augusta Division of this District Court.

6. Plaintiff KA N22CR is the owner of a Cessna Encore aircraft, serial number 560-0576, with radio registration number N560H (the "Encore").

7. Defendant issued its Comprehensive Corporate Aircraft Policy Number QAV0002645 to Plaintiffs with an effective date of April 25, 2017 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A** and incorporated by reference as if fully set forth herein.

8. This Complaint is the result of Defendant's refusal to pay for covered losses, including but not limited to, foreign object damage ("FOD") to the Encore occurring on or immediately before September 6, 2017. Plaintiffs have also sustained and continue to sustain additional ongoing damages as a direct result of Defendant's actions as described herein.

## FACTUAL BACKGROUND

9. Paragraphs one through eight are incorporated by reference as if fully set forth herein.

10. Defendant is an insurance company authorized to issue insurance policies covering insurable loss within the State of Georgia, including at all times relevant to this cause of action.

11. The Policy insures the Encore and two other aircraft managed and operated by Plaintiff HPG on behalf of Plaintiff KA N22CR and the other aircrafts' owners.

12. At all times relevant to the FOD loss, Plaintiffs were named insureds under the Policy.

13. The Policy provides insurance coverage for the Encore against the risk of physical damage up to the limit amounts listed in the Comprehensive Corporate Aircraft Policy Declarations (for the Encore, the limit is $3,400,000.00).

14. The terms and conditions of the Policy are different for partial losses than they are for total losses.

15. FOD is considered in motion ingestion under the Policy, and Coverage 19 of the Policy titled, "In Motion Ingestion", provides that the deductible on the Encore for in motion ingestion damage is zero ($0.00).

16. On or immediately before September 6, 2017, the Encore sustained FOD to the left engine, and during an inspection at Stevens Aviation, Inc. ("Stevens"), on September 6, 2017, Stevens noted damage to five of the blades in the blisk within the Encore's left engine.

17. As a consequence of the FOD to the Encore, Plaintiffs incurred transportation expenses on September 6, 2017, of approximately $150.00. Documentation of the September 6, 2017, transportation expenses, is attached as **Exhibit B**.

18. By email dated September 8, 2017, attached as **Exhibit C**, Plaintiffs timely notified Defendant of the FOD to the Encore in compliance with the notice condition in the Policy.

19. By email dated September 11, 2017, attached as **Exhibit D**, Defendant acknowledged the report of FOD and opened claim file # 524797N.

20. After September 6, 2017, Stevens issued an estimate of the cost of the FOD repair, and by email dated September 20, 2017, from Defendant, attached as **Exhibit E**, Plaintiffs were authorized to proceed with the repairs to the Encore.

21. Stevens completed the initial repairs of the FOD to the Encore on October 9, 2017 and issued Invoice # GYHIN-17-01640 attached as **Exhibit F** in the amount of $310,937.26 for the initial repairs.

22. In taking delivery of the Encore on or about October 9, 2017, Plaintiffs incurred transportation expenses of approximately $575.00. Documentation of the October 9, 2017, transportation expenses is included in the attached **Exhibit B**.

23. On October 11, 2017, Plaintiffs paid Stevens $310,937.26 against Stevens invoice # GYHIN-17-01640. The check for payment of the $310,937.26 to Stevens is attached as **Exhibit G**.

24. On or about October 16, 2017, Stevens identified the need for additional repairs arising from the September 6, 2017, FOD to the Encore.

25. As a result of the additional required repairs arising from the September 6, 2017, FOD to the Encore, Plaintiffs incurred transportation expenses of approximately $150.00. Documentation of the October 16, 2017, transportation expenses is attached as **Exhibit H**.

26. On or about October 26, 2017, Stevens completed additional repairs of the FOD to the Encore and issued Invoice # GYHIN-17-01738 in the amount of $4,317.45 for the additional repairs. The invoice is attached as **Exhibit I**.

27. In taking delivery of the Encore on or about October 26, 2017, Plaintiffs incurred transportation expenses of approximately $150.00. Documentation of the October 26, 2017, transportation expenses is included in the attached **Exhibit H**.

28. In taking delivery of the Encore on or about October 26, 2017, Plaintiffs also incurred pilot service expenses of approximately $300.00. Documentation of the October 26, 2017, pilot service expenses is included in the **Exhibit H** attachment.

29. On November 2, 2017, Stevens credited Plaintiffs $320.00 against Invoice # GYHIN-17-01738. Documentation of the November 2, 2017 credit is attached as **Exhibit J**.

30. On November 2, 2017, Plaintiffs paid Stevens $3,997.45 against Stevens Invoice # GYHIN-17-01738. The check for payment of the $3,997.45 to Stevens is attached as **Exhibit K**.

31. The total cost of the repairs, transportation expenses and pilot services above incurred and paid by Plaintiffs is $316,259.71.

32. By letter dated November 2, 2017, attached hereto as **Exhibit L**, Plaintiffs demanded payment from Defendant of $316,579.71 for the cost of repairs, alternate travel and pilot services expenses incurred and paid by Plaintiffs in connection with the repairs of the September 6, 2017 FOD to the Encore.

33. With a letter dated November 15, 2017, attached hereto as **Exhibit M**, Defendant sent its check # 0863771 (attached as **Exhibit N**) to Plaintiffs in the amount of $227,194.71 as Defendant's proposed full and final settlement of the loss sustained by Plaintiffs and described herein.

34. Check # 0863771 has not been cashed, and by letter dated April 10, 2018, attached hereto as **Exhibit O**, Plaintiffs returned check # 0863771 and demanded payment in full for the $316,259.71 FOD claim for Plaintiffs' transportation expenses, pilot services expenses and repair expenses that the Defendant unilaterally adjusted downwards by $89,500.00.

## COUNT I: BREACH OF CONTRACT

35. Paragraphs 1 through 34 are hereby incorporated by reference as if fully set forth herein.

36. The Policy issued to the Plaintiffs by the Defendant is a binding contract that is supported by valid consideration.

37. Defendant is in material breach of the Policy by failing and refusing to pay the amounts owed to Plaintiff under the coverage afforded by the Policy.

38. Defendant is indebted to Plaintiffs for the full amount of the expense incurred by Plaintiff in repairing the FOD to the encore ($316,259.71) (or such other amount as may be shown at trial), including its costs for food, lodging and transportation of the Plaintiffs' employees as a consequence of the FOD to the Encore.

39. On or about November 15, 2017, Defendant tendered to Plaintiff a check in the amount of $227,194.71 that purports to be in full and final settlement of Plaintiff's claim for FOD loss. (See **Exhibit M** and **Exhibit N**).

40. Defendant continues to refuse payment of the full amount of $316,259.71, owed to Plaintiffs as required by the Policy to indemnify Plaintiffs for their losses.

41. As a result of the foregoing, Defendant is in breach of its contractual obligations under the Policy.

## COUNT II: BAD FAITH

42. Paragraphs 1 through 41 are hereby incorporated by reference as if fully set forth herein.

43. As previously noted herein, by letter from Plaintiff's attorney dated November 2, 2017, attached hereto as **Exhibit L**, Plaintiffs made demand upon Defendant for payment of $316,579.71 pursuant to O.C.G.A. § 33-4-6.  Following receipt of the November 2, 2017 $320.00 credit to Plaintiffs from Stevens Aviation, Plaintiffs, by letter from their attorney dated April 10, 2018, attached hereto as **Exhibit O**, made a demand upon Defendant for payment of $316,259.71 pursuant to O.C.G.A. § 33-4-6.

44. By email dated April 12, 2018, attached hereto as **Exhibit P**, Defendant acknowledged receipt of the Plaintiffs' April 10, 2018 demand for payment noted in **Exhibit O**.

45. By email dated May 21, 2018, attached as **Exhibit Q**, Defendant's attorney further confirmed the Defendant's receipt of the Plaintiff's April 10, 2018 demand for payment noted in **Exhibit O**.

46. The 60-day period provided for payment in O.C.G.A. § 33-4-6 has passed, and Defendant has not made payment to Plaintiffs as required under the policy.

47. Neither the November 15, 2017 letter from the Defendant to the Plaintiffs (**Exhibit M**) or the May 21, 2018 email from the Defendant's attorney to the Plaintiffs (**Exhibit Q**) amount to a showing of reasonable or probable cause or a good faith justification overcoming the Defendant's obligation to pay the claim under the policy for the full amount of the loss.

48. Defendant's refusal to pay Plaintiffs in accordance with the Policy is in bad faith as contemplated by O.C.G.A. § 33-4-6, and, pursuant thereto, Plaintiffs are entitled to recover from Defendant additional statutory damages in an amount not more than fifty percent of Defendant's liability under the Policy plus all of Plaintiffs' reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiffs pray for the following:

1. That process issue and Defendant be served with process in this case pursuant to Georgia law;

2. That the Plaintiffs receive money damages in an amount of $316,259.71 (or such other amount as may be shown at trial) representing Defendant's contractual liability to the Plaintiffs for costs the Plaintiffs incurred for food, lodging and transportation of the Plaintiffs' employees and the net costs of repairing the September 6, 2017 FOD to the Encore;

3.  That the Court award statutory damages in an amount not to exceed fifty percent of Defendant's liability for losses covered by the policy for the above-stated claim pursuant to O.C.G.A. § 33-4-6;

4.  That the Court award Plaintiffs' reasonable attorney's fees and expenses of litigation incurred in bringing this action; and

5.  That Plaintiffs receive a trial by the Court of all issues triable by the Court; and

6.  For other such other and further relief as the Court deems necessary under the circumstances.

This 29th day of June, 2018.

**HULL PROPERTY GROUP, LLC**

/s/ John M. Markwalter
JOHN M. MARKWALTER
11190 Interstate Parkway
Augusta, GA 30909
t: (706) 434-1743
f: (706 )634-3464
jmarkwalter@hullpg.com
GA State Bar No.: 470890


**HULL PROPERTY GROUP, LLC**

/s/ Patrick L. Crawford
PATRICK L. CRAWFORD
11190 Interstate Parkway
Augusta, GA 30909
t: (706) 434-1747
f: (706 )634-3464
pcrawford@hullpg.com
GA State Bar No.: 274942